FILED
United States Court of Appeals
Tenth Circuit

August 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GUSTAVO TORRES-SANCHEZ, a/k/a
Joel Gonzales,

      Defendant-Appellant.

No. 14-1176
(D.C. No. 1:13-CR-00372-RBJ-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.

Gustavo Torres-Sanchez pleaded guilty to illegal re-entry of a previously

deported alien following a felony conviction in violation of 8 U.S.C. § 1326(a) and

(b)(1) and was sentenced to twenty-one months' imprisonment. In his plea

agreement, Mr. Torres-Sanchez waived his right to appeal his conviction and his

sentence if it did not exceed the maximum statutory penalty of ten years of

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, did not depart or vary upwards from the applicable sentencing guidelines of eighteen to twenty-four months, and was not based on an offense level greater than that calculated by the parties. Despite this waiver, Mr. Torres-Sanchez filed a notice of appeal.

The government moves to enforce the appeal waiver and dismiss this appeal based on *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).[1] In evaluating an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Torres-Sanchez, through counsel, concedes that the appeal waiver is enforceable and that his appeal should be dismissed. We gave Mr. Torres-Sanchez an opportunity to file a pro se response. To date, he has not done so.

Upon our independent review of the parties' filings, the plea agreement, and the transcripts of the plea and sentencing hearings, we conclude that Mr. Torres-Sanchez waived his right to bring this appeal. Accordingly, we grant the government's motion to enforce the plea agreement, and we dismiss this appeal.

Entered for the Court
Per Curiam

---

[1] The government also requested that the case be remanded so that the written judgment could be corrected. Subsequently, the parties agreed that the judgment was correct and remand was unnecessary.